ADKINS OGLESBY, plaintiff in error, *vs.* JOEL STODGHILL, defendant in error.

[1.] To a count in trespass for entering upon the plaintiff's land and taking and carrying away the plaintiff's wheat, cotton, &c. a count may be added by way of amendment, for taking and carrying away the proceeds and profits of the same land for the same time, there being no plea but the general issue of "not guilty" to both counts, and the record showing no objection to the latter count, on the ground of its insufficiency. standing alone to warrant a recovery.

[2.] A plaintiff may sue for the recovery of the proceeds and profits of land, if he be entitled to them, even if he have not the legal title to the land.

Trespass, in Elbert Superior Court. Tried on the appeal, before Judge THOMAS, at September Term, 1857.

......an action of trespass by Joel Stodghill against ......for entering plaintiff' premises and carrying

off and converting to his, defendant's use, certain wheat, corn, fodder, cotton, &c., belonging to plaintiff.

The defendant pleaded the general issue.

Plaintiff first offered in evidence the record of an action by him against defendant, brought to March Term, 1851, for breach of warranty of the soundness of a negro, which had been sold by Oglesby to plaintiff, and settled at March Term, 1853, by an agreement entered on the minutes of the Court, and which agreement is in the following words, to-wit:

"JOEL STODGHILL,    ⎫
      *vs.*       ⎬ Case, &c., for breach of warranty of
ADKINS OGLESBY. ⎭      soundness of negro.

It is agreed between the parties to the above stated case, that the same shall be settled upon the following terms to-wit:

The plaintiff shall deliver back to defendant the negro girl Adeline, and pay also to defendant the sum of four hundred dollars, and upon his doing this, the defendant shall make to plaintiff a deed for the tract of land which defendant got of plaintiff for said negro girl, and four hundred dollars, and defendant shall pay all costs.

Witness our hands and seals, this 14th day of March, 1853.

        JOEL STODGHILL, [SEAL.]
        ADKINS OGLESBY, [SEAL.]

Plaintiff then examined the defendant, *Adkins Oglesby*, who testified that the land was in possession of one Smith during the year 1853, as his tenant. That he had rented it to Smith the latter part of the year previous, and that witness was to receive one half the wheat, one-fourth the corn, fodder and cotton. He received between thirty and forty bushels as his share of the wheat, did not know how much was made. Supposes seventy or eighty barrels of corn were made on the place; seven or eight small stacks of fodder.

The cotton crop was small, only two or three acres, and that indifferent: He received no corn, fodder or cotton. Heard plaintiff say that he received the rent corn. Smith had been witness' tenant on the land ever since witness bought it, several years before.

*Howell Smith*, testified, that he thrashed the wheat and ginned the cotton made by Smith in 1853. There were 99 bushels of wheat and about one bale of cotton.

*Benj. G. Fortson*, testified, that he was present at a conversation between plaintiff and defendant, at March Term, 1853, after the settlement of their case. Stodghill proposed to return the negro to Oglesby the next day, and to go home that night for that purpose, for fear that as she was sick, she might die on his hands. Oglesby said he need not do it, the negro might remain till he (Oglesby) called for her, and if she died it was his loss. Stodghill said he had part of the money and would borrow the rest, and pay Oglesby, who said he need not do so, and Stodghill said he would as soon pay Oglesby interest as any one else.

Plaintiff closed, and defendant moved for a non-suit, on the ground that the testimony did not sustain an action for trespass. His Honor, the presiding Judge, sustained the motion, but before the judgment could be entered on the minutes, plaintiff moved to amend, by adding a count upon the back of the agreement copied above.

The Court allowed the amendment, and defendant excepted.

Defendant then offered in evidence a deed to the land, from plaintiff to defendant, dated October, 1850. Also a deed to the same land from himself to plaintiff, dated in February, 1854, and closed.

Defendant requested the Court to charge the jury, that plaintiff could not recover on the new count in his declaration, without showing that he had demanded a deed to the land, or possession of the same, from defendant.

The Court refused so to charge, but charged the jury, that if they believed, from the evidence, that plaintiff offered to deliver the negro and pay the four hundred dollars in March, 1853, and the defendant waived his doing so, plaintiff was entitled to recover.

To which charge and refusal to charge, defendant excepted.

The jury found for the plaintiff seventy-six dollars and fifty cents, ($76 50.)

The defendant moved for a new trial on all the rulings, charges, and refusals to charge excepted to. The Court overruled the motion for a new trial, and defendant excepts and assigns the same as error.

HESTER & AKERMAN, for plaintiff in error.

COBB and THOMAS, for defendant in error.

*By the Court*—McDONALD, J. delivering the opinion.

The first assignment of error is, on the decision of the Court allowing plaintiff's counsel to amend his declaration. A new count was added and it was objected, that it contained a new and distinct cause of action and it was not germain to the matter of the original declaration and incongruous therewith. No objection was made to the new count as to its sufficiency. The first and original count is trespass for entering plaintiff's land and taking and carrying away plaintiff's wheat, cotton, corn and fodder. The count introduced by way of amendment, is a kind of non-descript, for taking and carrying away the proceeds and profits of the same land for the same time. The parties are the same. It was insisted, in the argument of the cause, that the amendment was a count in covenant for a breach of the agreement given in evidence, and that it could not be joined with the count in trespass. The defendant in the agreement referred to,

contracted to do but one thing, and that was, *to make the plaintiff a deed* to the land, upon the plaintiff's "delivering back" to him the negro and paying him four hundred dollars. The plaintiff averred the performance of the condition precedent which entitled him to a conveyance of the land, but he averred no breach of the agreement. The averment is that he failed and refused *to deliver the tract of land.* The land was under rent for the year, and the averment of the non-delivery of the land, is perfectly consistent with the literal performance of the agreement to make a deed for the land, especially as no livery of seisin is necessary here to perfect the conveyance. Both counts, the old and the new, are for taking and carrying away the products of the same land, for the same time, and to the plaintiff's damage. The defendant filed but one plea, and that was not guilty. He went to trial on both counts on that issue. It applied equally to both counts. He was not guilty of the taking and carrying away. There was no issue on the new count, as to the defendant's *right* to enter, take and carry away the profits of the land; the issue was on the *taking and carrying away* the proceeds and profits of the land. In this State, the judgment on the two counts would be the same. In England, according to the common law, the judgment in trespass is *quod capiatur*, and in case *quod sit in misericordia*. 1. *Chitty's Plead.* 231. And the writ of *capias ad satisfaciendum*, lay in actions of trespass *vi et armis* only. *Tidd's Pr.* 993. Our judgments here are all alike, with the exception of judgments in ejectment and trover, and the defendant is liable to be arrested on a *ca. sa.,* whether the action be for trespass, case, or assumpsit. The rule in England in respect to the pleadings in actions, *ex delicto,* for injuries committed with force and those committed without force, is pretty much technical, and formal, and inapplicable here, or at least, as presenting a barrier to the joinder of counts, under our system, when the cause at action is manifestly the same, and the plea and judgment must

be the same. We will not undertake to characterize the new count under consideration in this case, further than to say it is not a count in covenant, and we abstain from doing so with the more propriety as the defendant's counsel have not objected to its legal sufficiency to authorize a recovery, and have also, so far recognized it as a count in form *ex delicto*, as to allow his plea of not guilty to the original count to stand as the plea to that.

It is insisted that under the decisions of this Court the amendment made by the addition of the count, cannot be allowed. The case of *Curshaw vs. Moore*, is referred to. It would seem that the reasoning of the Court in that case would forbid it, but the case itself did not call for all the remarks that fell from the Court. The action in that case, as in this, was trespass. The plaintiff's counsel moved to amend by adding a count in trover, which motion was refused. It is clear that the verdict and judgment in trespass and trover, according to the law as administered here, are different, and that was a sufficient reason for refusing the amendment in that case. The remark of the Court in the case of *Walker et al. vs. Cook* 17. *Ga.* 129, that "the amendment offered must be, of course, a legal amendment, such an one as is admissible in the case," is cited, and we recognize it as law. For the reasons assigned, we hold that this declaration was amendable by the addition of a count. The objection here is, not that the count is not a sufficient one, but that it cannot be joined with the original counts; that if it had been made a part of the declaration at first, it would have been a misjoinder. In the case of *Neal vs. Robertson*, 18. *Ga.* 399, the proposition was to add a new count in favor of other parties, or to make other persons parties plaintiff, who, the case, as reported, does not show, might or ought to have been made parties at first. The case of *Williams vs. Hollis*, 19. *Ga.* 313, does not support the principle urged by defendant's counsel. The proposition then was to change the entire structure of the declaration, and to file a new declaration,

giving a new aspect to the case throughout, setting forth a
new cause of action, and the new count proposed did not ad-
mit of the plea made to the first, and could not be supported
by the same proof.

[2.] The Court very properly refused to charge as reques-
ted. The plaintiff did not sue on the agreement to make a
deed. There is no breach that the defendant did not make
a deed. Hence, the demand of a deed is not a condition
precedent to the plaintiff's right of recovery. There was no
agreement to deliver land. Hence an averment that he had
not delivered it, is no breach of the agreement. But there
was no objection on that account. The *gravamen* is the ta-
king and carrying away the proceeds and profits of the land,
which belonged to the plaintiff whether the deed to the land
had been executed to him or not. Upon the facts stated in
the added count, there can be no question, but the plaintiff
was entitled to the proceeds and profits of the land for the
year, that it is alleged the defendant took and carried them
away. If this be so, the defendant committed a wrong when
he took them and carried them away. Whether it was a
wrong to an equitable or a legal right, we are not called upon
to determine. Whether the one or the other the defendant
was liable and liable to the same extent. The defendant has
made no point that if the wrong was committed against an
equitable right, the plaintiff has no remedy through an ac-
tion at law. But he insists that the agreement of compro-
mise was equivalent to a bond for titles. Conceding that,
and considering another point in the case, that the agreement
effected the rescission of a contract which had been previ-
ously entered into between the parties, by which contract,
the land had been conveyed by the plaintiff to the defendant,
the right of the plaintiff to the proceeds and profits of the
land became complete as soon as the terms of the agreement
to rescind were complied with on the part of the plaintiff;
quite as much so, as the right of the purchaser of land who

receives a bond for the title to be made when the purchase money is paid. The legal right to the proceeds and profits of the land is in the purchaser of the land who holds only the bond, while the legal title to the land is in the vender.

We think that all the grounds for a new trial based upon the matters herein already discussed were properly overruled, and that the verdict of the jury is not so decidedly against the weight of evidence as to authorize the granting a new trial on that ground.

Judgment affirmed.