## DOMHOFF v. PAUL STIER, Inc.

(Supreme Court, Appellate Division, Second Department.  May 9, 1913.)

1. TRESPASS (§ 20*)—NATURE OF ACTION—POSSESSION—TITLE.

Trespass is an injury to possession, and hence may be maintained by any one in actual possession of the land, though without title.

[Ed. Note.—For other cases, see Trespass, Cent. Dig. §§ 32–47; Dec. Dig. § 20.*]

2. LANDLORD AND TENANT (§ 141*)—TRESPASS BY LANDLORD—ACTION BY TEN-ANT.

Where plaintiff was in possession of certain land as a tenant or subtenant, when defendant, the owner of the fee, entered by its agents and employés, broke down the fence, destroyed plaintiff's crop and other personal property, and refused to desist when requested to do so, plaintiff was entitled to recover in trespass.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 508, 514, 515; Dec. Dig. § 141.*]

3. LANDLORD AND TENANT (§ 277*)—RECOVERY OF POSSESSION.

Where plaintiff was in possession as a tenant or subtenant, defendant, the owner of the fee, could not rightfully regain possession by force and violence, whether plaintiff was liable to be dispossessed for holding over after expiration of his term or for failure to pay rent.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 1169–1178; Dec. Dig. § 277.*]

Appeal from Trial Term, Queens County.

Action by Gerhard Domhoff against Paul Stier, Incorporated. From a judgment dismissing plaintiff's complaint, and from an order denying his motion for a new trial, he appeals.  Reversed, and new trial granted.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and RICH, JJ.

Edmund C. Viemeister, of Jamaica, for appellant.

R. W. Kellogg, of Jamaica, for respondent.

BURR, J.  Plaintiff appeals from a judgment of nonsuit in an action for trespass upon real property.  The evidence upon the part of plaintiff was not presented in the clearest manner possible, but from it we think that the following facts may be adduced:

The premises in question, consisting of about seven acres, and known as the "Ring farm," after the death of Frederick Ring, were leased by his executors, by virtue of power and authority in his will, to George Bunneke for a term to expire July 1, 1901, at a rent of $600 per annum, payable in monthly installments.  Bunneke entered into possession, and sublet a portion of the farm to John Beckman. Before the expiration of the written lease, Bunneke sold the unexpired term thereof, with certain personal property on the farm, to plaintiff for $3,500, and he attorned to the owners and was accepted as a tenant.  After the expiration of the written lease the parties continued in possession under an oral letting, the terms of which are not entirely clear, except that the rent was reduced to $40 a month.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

During her lifetime the rent was paid to Maria S. Ring, the widow of the testator above named. She died January 7, 1908. After that, and down to August 1, 1909, plaintiff continued in the actual occupation and possession of a portion of said premises, paying rent therefor.

Although originally Beckman entered as a subtenant, it is not entirely clear during the latter portion of the time whether plaintiff was the tenant of the entire farm, and Beckman his subtenant, or whether the relations were reversed. The receipts offered in evidence, beginning with August 1, 1908, run to John Beckman, and are for the rent reserved for the entire farm; but plaintiff tesitfied that as matter of convenience he gave Beckman each month his proportionate part of the rent, amounting to $16.67, to be paid by Beckman, and it was understood that he was to add to this the amount of his own rent and pay over the same to the owners of the property. The receipts for the latter portion of the time, and after the death of Mrs. Ring, were signed by Frederick Brommer as agent for the heirs of the estate of Frederick Ring for a consideration period. Some time after Mrs. Ring's death the heirs at law of Frederick Ring formed a corporation known as the Ridgewood–Queens Realty Company. From May 3, 1909, to July 2, 1909, at which time the rent was paid up to August 1, the receipts were signed by Frederick Brommer, president of the Ridgewood-Queens Realty Company. Each of these receipts contained a statement that the renting was for one month only.

In April, 1909, the Realty Company entered into a contract with defendant, also a corporation, to convey to it said premises, and on September 30, 1909, the contract was executed by the delivery of a full covenant warranty deed. Beckman removed from that portion of the farm which he actually occupied, August 4, 1909, but plaintiff continued in peaceable possession at least of that portion of the farm previously actually occupied by him, if not of the whole thereof, down to the latter part of October or the early part of November in that year, and was tilling the soil and raising crops thereon, and had upon it certain personal property. No rent was paid after August 1, 1909. Plaintiff testified that no one came after it, and he did not know to whom to pay it. There is evidence that the farm was not only under actual cultivation, but was surrounded by a fence, and that at or about the date named defendant, by its agents and employés, broke down the fence, entered upon the premises, destroyed plaintiff's crop and other personal property, and, when requested to desist, refused to do so.

[1-3] We think that plaintiff made out a prima facie case. His original entry was a lawful one, and his possession down to the time when the entry was made by defendant was actual and peaceable. Trespass is an injury to possession, and action therefor may be maintained by any one in actual possession of land (Holmes v. Seely, 19 Wend. 509; Van Brunt v. Schenck, 11 Johns. 377), and title is unnecessary (38 Cyc. 1004; Oglesby v. Stodghill, 23 Ga. 590; Price v. Brown, 101 N. Y. 669, 670, 5 N. E. 434). Whether plaintiff was a tenant or a subtenant, whether he was liable to be dispossessed for holding over after expiration of his term, or for failure to pay rent,

he was in actual possession of at least a portion of the farm, and defendant had no right to regain possession of such premises by force and violence.   Bristor v. Burr, 120 N. Y. 427, 24 N. E. 937, 8 L. R. A. 710;  Michaels v. Fishel, 169 N. Y. 381, 389, 62 N. E. 425; Norton v. Arvernam Co., 14 App. Div. 581, 43 N. Y. Supp. 1099.

The judgment and the order denying a motion for a new trial must be reversed, and a new trial granted; costs to abide the event.   All concur.