SAMUEL E. FARRER et al., Plaintiffs, *v.* JOSEPH PIECUCH et al., Defendants.

Supreme Court, Special Term, Monroe County, October 30, 1952.

*Dennis J. Livadas* for defendants.

*John J. Scully* for plaintiffs.

*Nathaniel L. Goldstein, Attorney-General (Philetus Chamberlain* of counsel), for State of New York.

ROBERTS, J. This action is brought to permanently restrain the defendants from trespassing upon certain real property to which the plaintiffs claim to be entitled to possession. The answer denies the material allegations of the complaint, pleads a counterclaim for damages arising out of the alleged trespass by the plaintiffs upon the defendants' property, and then

pleads as an affirmative defense that the lands occupied by the plaintiffs or a portion thereof upon which the trespass by the defendants is alleged to have occurred consists of filled in lands, title to which is in the State of New York. This is a motion by the defendants to bring in the State of New York as a party to the action.

In a prior action brought by the same plaintiffs against the same defendants for trespass, judgment was awarded in favor of the plaintiffs, which said judgment was affirmed on appeal (*Farrer* v. *Piecuch,* 278 App. Div. 1011), and motion for reargument thereafter denied (*Farrer* v. *Piecuch,* 279 App. Div. 975). The parties are apparently in dispute as to whether or not such prior action determined the issues now raised in the present action. With this question we are not here concerned.

The lot owned by the plaintiffs borders on Ides Cove which is a part of Irondequoit Bay. There is a fill in front of the premises and extending out beyond what was formerly the shore line of the cove and it is the claim of the defendants, apparently concurred in by the plaintiffs, that title to this filled in portion is in the State of New York. On the prior trial the court made a finding that the plaintiffs were in possession of certain lands and premises there described, and in the present action the plaintiffs seek to enjoin the defendants from trespassing upon the same identically described parcel of land. The question here presented is whether it is proper to bring in the State of New York as a party upon the theory that the State is the owner of a portion of the premises now in possession of the plaintiffs.

Trespass is an injury to possession and an action therefor may be maintained by one actually in possession and it is immaterial that such plaintiffs have no title to the land. Unless a defendant can show a better title, his trespass cannot be justified upon the weakness of the plaintiff's title. (*Beardslee* v. *New Berlin Light & Power Co.,* 207 N. Y. 34, 41; *Farrer* v. *Piecuch,* 278 App. Div. 1011, *supra; Domhoff* v. *Stier,* 157 App. Div. 204; *Steinfeld* v. *Morris,* 258 App. Div. 228; *Oatka Cemetery Assn.* v. *Cazeau,* 242 App. Div. 415.) In an action for trespass either to real or personal property, it is no defense to assert that title is in a third party (*Delamater* v. *Folz,* 50 Hun 528; *Miller* v. *Decker,* 40 Barb. 228; *Wheeler* v. *Lawson,* 103 N. Y. 40). In *Delamater* v. *Folz* (50 Hun 528, 532, *supra*), the court said: " This controversy is wholly between the parties

to the action. The fact, therefore, that the title was in the United States does not aid the defendants, as they derived no right from the owner, but were mere strangers to the title."

The defendants here do not claim that they derive any title or rights from the State of New York and hence it is no defense for them to assert that the title to a portion of the lands in the possession of the plaintiffs is in fact in the State of New York. This is a controversy solely between the plaintiffs and defendants arising out of alleged injury to the possession of property and as such the State of New York is neither a necessary nor proper party defendant.

Motion denied, with $10 costs.