LEWIS A. BLAMBLE

*v.*

CLAUD HARSH *et al. and* WILLIAM A. K. LAKE, *et al.*

(No. 14170)

Decided November 20, 1979.

*Edwin C. Runner* for Harsh, et al.

*Charles V. Wehner* for Lake, et al.

*Ronald R. Brown, Randy R. Goodrich* for appellee.

PER CURIAM:

We docketed this appeal on March 20, 1979. We are asked to reverse a final judgment of the Circuit Court of Preston County affirming a jury's verdict which declared a certain section of a road was not a public road but a private way. Appellants, the defendants and intervenors below, contend the jury's verdict is not supported by the evidence. They assert the trial court was incorrect in failing to direct a verdict for them, or in the alternative, in failing to set aside the jury's verdict. They also contend the trial court erred in failing to join the Department of Highways as an indispensable party. We are of the opinion the trial court acted correctly.

On the official highway map of Preston County there appears a State road designated 24/11. It is undisputed that the first 2/10ths of a mile of the road is a State road. However, the remaining 7/10ths of a mile section of

the road is the subject of the controversy giving rise to this case. Lewis A. Blamble, the appellee, whose land the disputed section of road traverses, filed a complaint in the Circuit Court of Preston County naming Claud, Glenn, and Vernon Harsh as defendants. Blamble sought a declaratory judgment as to the rights of the parties regarding the disputed 7/10ths mile section of road. He claimed the road was a private road, and maintained gates at either end. The Harshs and others used the road in question to reach their property located west of the appellee's land. William and Antonia Lake, and Paul F. Filsinger, also users of the road, were allowed to intervene.

At trial the appellee presented testimony by various persons who had lived in the area of the road for periods of up to sixty-eight years. The essence of all the testimony was that the road had, during these periods, always been gated, and never maintained by the State. James Dorsey, the District IV Engineer for the Department of Highways, testified the position of his District was that the portion of the road in question was not a public road. He also testified the road did not appear as a State road on the 1934 official highway map; the first official highway map issued after the takeover of county roads by the State.

The appellants presented testimony of persons who had been acquainted with the road for up to fifty years. These witnesses testified the general public had always traveled the road and at times had used it to reach a saw-grist mill, and a former school located west of the appellee's property. They also testified that on some occasions the State had removed snow from the road.

George Sovick, a fifty-year veteran of the Department of Highways, also testified for appellants. Sovick had been personally involved in the 1933 process of transfering county roads to the State system. Sovick testified that in preparation for the trial he had investigated the State Department of Highway records in Charleston concerning the status of the road. He produced a copy of

a "Scroll," a set of line drawings which had county roads schematically represented. He identified one of the lines as representing the road in question. He concluded the road had been a county road prior to 1933. It was his opinion that since it was a county road it would have been transferred to the State in the 1933 "takeover." He said the omission of the road from the 1934 map was a draftman's mistake and not determinative of the road's status. From this testimony the appellants argue it was a public road, and absent a showing of a proper abandonment by the State, the road retained its status as a public road.

The trial court denied appellant's motion for a directed verdict and allowed the case to go to the jury. The jury found the section of the road was not a public road.

Appellants' principal argument is that the "Scrolls" constituted the best evidence the road was a public road. The best evidence rule, however, is not directly controlling in this case since it ordinarily applies to preclude oral testimony where documentary evidence exists. *Marson Coal Company, Inc. v. The Insurance Company of the State of Pennsylvania,* ____ W. Va. ____, 210 S.E.2d 747 (1974); Michie's Jurisprudence, Vol. 7, Evidence § 116, *et seq.* (1976); F. Cleckley Handbook on Evidence, § 67 (1978). It is not designed to preclude a jury's resolution of conflicting documentary evidence. Here, there were two documents, one the "Scroll" tended to show the road was a public road and the other, the 1934 State road map showed it was not. With the documentary evidence conflicting, the trial court properly submitted the entire issue to the jury.

> "It is the peculiar and exclusive province of the jury to weigh the evidence and to resolve questions of fact when the testimony is conflicting. Syl. pt. 3, *Long v. City of Weirton,* ____ W. Va. ____, 214 S.E.2d 832 (1975).

> "A jury verdict based upon conflicting testimony, involving credibility of witnesses and reasonable inferences to be drawn from testimony and

approved by the trial court, will not be set aside by this Court on the ground that it is contrary to the evidence unless in that respect it is clearly wrong." Syl. pt. 9, *Morgan v. Price*, 151 W. Va. 158, 150 S.E.2d 897 (1966).

See also: Syl. pt. 3, *Walker v. Monongahela Power Company*, 147 W. Va. 825, 131 S.E.2d 736 (1963).

Secondly the appellants contend the trial court erred in failing to join the Department of Highways as an indispensable party. We disagree. The complaint in the instant proceeding sought injunctive relief relating to the title to real property. *W. Va. Code*, 14-2-2(b). Had the State been made a party to the action it could have been prosecuted only in Kanawha County. *State ex rel. Ritchie v. Triplett*, ____ W. Va. ____, 236 S.E.2d 474 (1977).

We conclude the verdict of the jury is supported by the evidence; based on the foregoing authorities should not be set aside.

We affirm the final judgment of the trial court.

*Affirmed.*