303 S.E.2d 731

**H. Ford WACHTER, et al., etc.**

**v.**

**Hon. Pierre DOSTERT, Judge, etc.**

**No. 15681.**

Supreme Court of Appeals of West Virginia.

May 25, 1983.

Geary L. Walker, Parkersburg, for petitioners.

Pierre Dostert, pro se.

MILLER, Justice:

This is an original proceeding in prohibition instituted by the relators, H. Ford Wachter and W. Thomas Biggert, as trustees for Tower Acres Joint Venture. In this proceeding, the relators pray that we prohibit the respondent from requiring the

joinder of the West Virginia Department of Highways (hereinafter Department of Highways) as an indispensable party-defendant in a certain action now pending in the Circuit Court of Morgan County styled *H. Ford Wachter and W. Thomas Biggert, as Trustees for Tower Acres Joint Venture, Plaintiffs v. Harry Fowler and Virginia Fowler, Defendants* (Civil Action No. 81–C–32). The relators contend that the Department of Highways is not an indispensable party and that the joinder would not be proper in view of the fact that the Circuit Court of Morgan County lacks venue to consider actions against the Department. For these reasons, they contend that the respondent has exceeded his jurisdiction in ordering the joinder. We agree with the relators, and we issue the writ of prohibition.

The relators are land developers who have acquired a tract of land in Morgan County adjacent to a road which they claim is designated as Morgan County Route 8/2, and which, according to them, is a public way. The defendants in the proceeding below are adjoining landowners. They denied that the road was a public way and interfered with the relators' use of it. The relators, thereupon, filed a petition for an injunction enjoining the defendants below from interfering with their use of the road.

After a number of delays the case was set for trial on August 30, 1982. On that day, the relators indicated that they wished to present evidence which included the testimony of right-of-way and maintenance personnel for the Department of Highways. After hearing the relators' position, the trial judge concluded that the Department of Highways was an indispensable

party and ordered that the suit be amended to join it.

In Syllabus Point 1 of *Dixon v. American Industrial Leasing Co.*, 157 W.Va. 735, 205 S.E.2d 4 (1974), we established this test for determining whether a party is indispensable under Rule 19 of the West Virginia Rules of Civil Procedure, as it existed prior to its amendment on June 1, 1978:

> "The determination of whether a party is indispensable under the provisions of Rule 19(a) of the West Virginia Rules of Civil Procedure is in the sound discretion of the trial court. Generally, a court must consider whether: (1) the interest of the absent party is distinct and severable; (2) in the absence of such party, the court can render justice between the parties before it; (3) the decree made will, in the absence of such party, have no injurious effect on the interest of such absent party; (4) the final determination will, in the absence of such party, be consistent with equity and good conscience, but each case must be considered on the basis of its peculiar facts, and the principal limitation on the court's decision is whether, under the particular facts of each case, absent parties will be adversely affected by non-joinder." [1]

The Court in *Dixon* recognized that although Rule 19 of the Federal Rules of Civil Procedure had been amended in 1966, West Virginia's Rule 19 had not been amended and, therefore, the Court relied on federal cases decided before 1966 in fashioning its law. The 1978 Amendments made in our Rules of Civil Procedure brought our Rule 19 in line with Rule 19 of

---

**1.** Prior to the 1978 Amendment, Rule 19 provided:

> "(a) *Necessary Joinder.* Subject to the provisions of Rule 23 and of subdivision (b) of this rule, persons having a joint interest shall be made parties and be joined on the same side as plaintiffs or defendants. When a person who should join as a plaintiff refuses to do so, he may be made a defendant or, in proper cases, an involuntary plaintiff.
>
> "(b) *Effect of Failure to Join.* When persons who are not indispensable, but who ought to be parties if complete relief is to be accorded between those already parties, have

not been made parties and are subject to the jurisdiction of the court as to both service of process and venue, the court shall order them summoned to appear in the action. The court in its discretion may proceed in the action without making such persons parties, if its jurisdiction over them as to either service of process or venue can be acquired only by their consent or voluntary appearance; provided, however, that the judgment rendered in the action shall not affect the rights or liabilities of absent persons, except as provided in Rule 23(a)."

the Federal Rules of Civil Procedure as it was amended in 1966.[2] *See Anderson v. McDonald*, 170 W.Va. 56, 289 S.E.2d 729, 733 (1982).

Despite the statements by one commentator that "[t]he principles developed prior to the 1966 revision are still applicable under the revised Rule," 3A J. Moore, W. Taggart & J. Wicker, Moore's Federal Practice § 19.07[2] (2d ed. 1982),[3] it does appear that there has been a shift in emphasis by the federal courts since the 1966 Amendments to the federal rule. The test has become less scholastic in the sense of trying to define who is an indispensable party. Instead, under the amended rule, the emphasis is placed on the question of whether the case can be equitably prosecuted in the absence of a missing party. If so, there is no reason to join the party or to dismiss the action. This is particularly true in those cases where the absent party cannot be joined because of some jurisdictional reason. A typical example is *Idaho ex rel. Evans v. States of Oregon and Washington*, 444 U.S. 380, 100 S.Ct. 616, 62 L.Ed.2d 564 (1980), where Idaho invoked the original jurisdiction of the Supreme Court on a claim against Oregon and Washington relating to equitable apportionment of anadromous fish in the Columbia River System.

The defendants, Oregon and Washington, sought to dismiss the action because Idaho had failed to join the United States as an indispensable party. The defendants claimed the United States had by treaties given various Indian tribes a right to take 50 percent of the fish from the Columbia River System and that the United States, as protector of the rights of the Indian tribes, was an indispensable party. The United States refused to waive its sover-

---

**2.** Rule 19 of the Federal Rules of Civil Procedure, in its present form, provides in material part:

"(a) *Persons to be joined if feasible.*—A person who is subject to service of process shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest, or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and his joinder would render the venue of the action improper, he shall be dismissed from the action.

"(b) *Determination by court whenever joinder not feasible.*—If a person as described in subdivision (a)(1)–(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder."

**3.** Moore's statement is supported by note 12 of *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 117, 88 S.Ct. 733, 741–42, 19 L.Ed.2d 936, 949 (1968), where the Court stated:

"The new text of the Rule was not intended as a change in principles.... Where the new version emphasizes the pragmatic consideration of the effects of the alternatives of proceeding or dismissing, the older version tended to emphasize classification of parties as 'necessary' or 'indispensable.' ... [T]he two approaches should come to the same point, since the only reason for asking whether a person is 'necessary' or 'indispensable' is in order to decide whether to proceed or dismiss in his absence and ... that decision must be made on the basis of practical considerations."

However, it is clear from *Provident Tradesmens Bank, supra,* that the Supreme Court focused on the provisions of Rule 19(b) to determine whether the dismissal because of the failure to join an indispensable party was proper:

"Rule 19(b) suggests four 'interests' that must be examined in each case to determine whether, in equity and good conscience, the court should proceed without a party whose absence from the litigation is compelled." 390 U.S. at 109, 88 S.Ct. at 737–38, 19 L.Ed.2d at 944–45. (Footnote omitted).

eign immunity and, consequently, could not be joined.

The Supreme Court proceeded to review the alleged indispensability of the United States under "Rule 19(b) of the Federal Rules of Civil Procedure, which lists four factors to be considered in deciding whether a suit can proceed in the absence of an allegedly necessary party." 444 U.S. at 386, 100 S.Ct. at 620, 62 L.Ed.2d at 570. The Court held that under the four-factor test, the case could be prosecuted without the joinder of the United States since fair and equitable relief could be rendered in the absence of the United States.

Much the same approach has been utilized in cases where the joinder of the absent party would destroy diversity of citizenship, which is the basis for invoking federal jurisdiction. *E.g., Prescription Plan Service Corp. v. Franco,* 552 F.2d 493 (2nd Cir.1977); *Bio-Analytical Services, Inc. v. Edgewater Hospital, Inc.,* 565 F.2d 450 (7th Cir.1977), *cert. denied,* 439 U.S. 820, 99 S.Ct. 84, 58 L.Ed.2d 111 (1978); *Anrig v. Ringsby United,* 603 F.2d 1319 (9th Cir.1978). There are however cases where courts have taken the more traditional approach of first determining whether the absent person is a necessary party under Rule 19(a) and then proceeding to determine his indispensability under Rule 19(b), as illustrated by *Eldredge v. Carpenters 46 Northern California Counties Joint Apprenticeship And Training Committee,* 662 F.2d 534, 537 (9th Cir.1981), *cert. denied,* 459 U.S. 917, 103 S.Ct. 231, 74 L.Ed.2d 183 (1982):

> "Rule 19 requires two separate inquiries. First, are there persons who should be joined, either because their own interests or the interests of the parties might be harmed by their absence? Such persons, referred to as 'necessary parties,' must be joined if feasible. Fed. R.Civ.P. 19(a). Second, if parties determined to be necessary under rule 19(a) cannot be joined, should the action in 'equity and good conscience' be dismissed? Only if the court determines that the action should be dismissed is the absent party labelled 'indispensable.' Fed.R.Civ.P. 19(b); *see English v. Sea-*

> *board Coast Line Railroad,* 465 F.2d 43, 48 (5th Cir.1972)."

*See also Manygoats v. Kleppe,* 558 F.2d 556 (10th Cir.1977).

We believe the test under the old Rule 19 as stated in *Dixon, supra,* is rather compatible to the present Rule 19 although it lacks some of the specificity of Rule 19(a), which requires two general inquiries for joinder of a person who is subject to service of process. First, is his presence necessary to give complete relief to those already parties? Second, does he have a claim that, if he is not joined, will be impaired or will his nonjoinder result in subjecting the existing parties to a substantial risk of multiple or inconsistent obligations? If the absent person meets the foregoing test, his joinder is required. However, in the event that the absent person cannot be joined, the suit should be dismissed only if the court concludes that the 19(b) criteria cannot be met.

In the present case, the underlying suit is between two property owners and involves the question of whether a road is a public way. The determination of this issue would not bind the State if the State is not joined as a party, and, therefore, the State's interest would not be impaired. Syllabus Point 8, *Conley v. Spillers,* 171 W.Va. 584, 301 S.E.2d 216 (1983). The relief sought by the plaintiffs is to enjoin the defendants from obstructing the road. This relief can be accorded or denied in the absence of the Department of Highways once the issue of the public nature of the road is resolved. We do not believe that there is any substantial risk of subjecting the existing parties to multiple or inconsistent obligations because the only relief sought is to restrain interfering with the free passage along the road. We addressed this issue in a rather cursory fashion in *Blamble v. Harsh,* 163 W.Va. 733, 260 S.E.2d 273, 275–76 (1979), without reference to Rule 19:

> "Secondly the appellants contend the trial court erred in failing to join the Department of Highways as an indispensable party. We disagree. The com-

plaint in the instant proceeding sought injunctive relief relating to the title to real property. *W.Va.Code,* 14–2–2(b). Had the State been made a party to the action it could have been prosecuted only in Kanawha County. *State ex rel. Ritchie v. Triplett,* 160 W.Va. 599, 236 S.E.2d 474 (1977)." [4]

There are a few cases that discuss this particular issue but their treatment of the issue is rather limited. *State v. Noser,* 422 S.W.2d 594, 599 (Tex.Civ.App.1967), involved a declaratory judgment where title to a roadway was one of the issues. The claim was made that the State of Texas was an indispensable party because it owned the roadway. The court in rejecting the indispensable party claim stated:

"The judgment here was against the individuals and is predicated upon an incidental determination that title and the right to possession of the land in question is in the plaintiffs and as such is not binding on the sovereign.... Since the State's title and right of possession is only incidentally determined and the decision was not binding on it, the State was neither a necessary nor indispensable party and the trial court was correct in overruling appellants' plea in abatement."

*See also Guerra v. Packard,* 236 Cal. App.2d 272, 46 Cal.Rptr. 25 (1965); *Farrer v. Piecuch,* 203 Misc. 572, 116 N.Y.S.2d 401 (1952).

■ We conclude that because of the indirect interest that the Department of Highways has in the question of whether the road in question is a public way, it is not an indispensable party.[5] We have in the past permitted a private party to seek injunctive relief against obstructing what is claimed to be a public road without requiring the Department of Highways to be made a party. *Blamble v. Harsh, supra. Cf. Baker v. Hamilton,* 144 W.Va. 575, 109 S.E.2d 27 (1959); *Derifield v. Maynard,* 126 W.Va. 750, 30 S.E.2d 10 (1944). From a practical standpoint, it would place an undue burden on the Department of Highways to force it into litigation every time private parties decide to litigate with each other whether a particular right-of-way or road is a public way.

In the present case, the relators argue that the circuit court exceeded its legitimate powers by staying further proceedings until the Department of Highways was made a party to the suit. In *State ex rel. Ritchie v. Triplett, supra,* we issued a writ of prohibition to prevent the circuit court from hearing a mandamus action against the Commissioner of Highways, relating to his control over a public road.

Whether the circuit court exceeded its legitimate powers is a question that may be open to some debate.[6] However, we have recognized in Syllabus Point 1 of *Hinkle v. Black,* 164 W.Va. 112, 262 S.E.2d 744 (1979), that there are occasions when a more functional test is appropriate in determining whether to grant prohibition:

"In determining whether to grant a rule to show cause in prohibition when a court is not acting in excess of its jurisdiction, this Court will look to the adequacy of other available remedies such as appeal and to the over-all economy of effort and money among litigants, law-

---

4. In *State ex rel. Ritchie v. Triplett,* 160 W.Va. 599, 236 S.E.2d 474 (1977), we held that under W.Va.Code, 14–2–2, which limits venue against State officials to Kanawha County (subject to certain exceptions), a mandamus action could not be brought in Randolph County to compel the State Road Commission to assume control over a public road.

We recognize that Rule 19(a) contains a venue dismissal provision, but we deem it unnecessary to discuss this aspect of the case because we have concluded that the Department of Highways is not an indispensable party. *See* 3A J. Moore, W. Taggart & J. Wicker, Moore's Federal Practice § 19.04[4.–1] (2d ed. 1982).

5. In *State ex rel. County Court of Wood County v. State Road Commission,* 147 W.Va. 623, 129 S.E.2d 726 (1963), we recognized that a writ of mandamus might be used to compel the Department of Highways to assume control over a public road but the degree of maintenance could not be controlled since this was a discretionary act.

6. Our traditional statement of the law is contained in Syllabus Point 3 of *State ex rel. McCartney v. Nuzum,* 161 W.Va. 740, 248 S.E.2d 318 (1978): "A writ of prohibition will lie where the trial court does not have jurisdiction or, having jurisdiction, exceeds its legitimate powers."

yers and courts; however, this Court will use prohibition in this discretionary way to correct only substantial, clear-cut, legal errors plainly in contravention of a clear statutory, constitutional, or common law mandate which may be resolved independently of any disputed facts and only in cases where there is a high probability that the trial will be completely reversed if the error is not corrected in advance."

In the underlying case to require the joinder of the Department of Highways would obviously create a venue problem that would result in the suit having to be reinstituted in Kanawha County. Judicial economy dictates that this issue should be resolved particularly since it is a legal issue resting on undisputed facts. We also recognize that this is the first occasion that we have had an opportunity to discuss our amended Rule 19. By providing relief by a writ of prohibition in this case, we do not imply that prohibition is a proper remedy in every case involving an indispensable party. *See Conley v. Spillers*, 171 W.Va. at 593, 301 S.E.2d at 224–25.

For the foregoing reasons, a writ of prohibition is issued prohibiting the respondent from requiring the Department of Highways to be joined as a party in Civil Action No. 81–C–32 in the Circuit Court of Morgan County.

Writ Issued.