367 S.E.2d 220

**H. Ford WACHTER and W. Thomas Biggert, etc., Plaintiffs Below, Appellants,**

v.

**Harry FOWLER and Virginia Fowler and John L. Marple and Virginia L. Marple, Defendants Below, Appellees.**

No. 16438.

Supreme Court of Appeals of West Virginia.

March 11, 1988.

Richard G. Gay, Berkeley Springs, for H. Ford Wachter and W. Thomas Biggert.

Lacy Rice, Joan Casale, Martinsburg, for Fowlers.

David H. Savasten, Berkeley Springs, for Marples.

PER CURIAM:

This case is before the Court upon the appeal of H. Ford Wachter and W. Thomas Biggert, trustees for Tower Acres Joint Venture, from a declaratory judgment order entered by the Circuit Court of Morgan County which found, among other issues, that a certain road in Morgan County is a private road. The appellants contend the circuit court erred as a matter of law since they had established that the road was publicly travelled for more than ten years, and public moneys were regularly authorized and expended for its upkeep; therefore, they were entitled to a conclusive presumption that the road was a public road. We agree and reverse.

I

An undisputed portion of Morgan County Secondary Route 8/2 runs north to south. At its southern point, there is a fork. Swain Road, the disputed road, runs southeast from the fork. Mountain Run Road runs southwest from the fork.

The appellants, Wachter and Biggert, are developers of property on Swain Road. They sought a declaratory judgment that Swain Road is a public road and an injunction, prohibiting their neighbors, appellees, the Fowlers, from obstructing public passage along the road.

*W.Va.Code*, 17-1-3 [1963] states, in pertinent part:

> Any road shall be conclusively presumed to have been established when it has been used by the public for a period of ten years or more, and public moneys or labor have been expended thereon, whether there be any record of its conveyance dedication or appropriation to public use or not.

This Court has stated that the public expenditures must be authorized by public officials on a regular basis. *Wilson v. Seminole Coal, Inc.*, 175 W.Va. 518, 336 S.E.2d 30 (1985); *Blamble v. Harsh*, 163 W.Va. 733, 260 S.E.2d 273 (1979); *State Road Comm. v. Oakes*, 150 W.Va. 709, 716, 149 S.E.2d 293, 298 (1966); syl. pt. 3, *Baker v. Hamilton*, 144 W.Va. 575, 109 S.E.2d 27 (1955).

There is uncontroverted evidence that the statutory requirement of ten years of public travel was met. The road was publicly travelled from, at least, the early 1950's until, at least, 1968.[1] The second statutory requirement, concerning regularly authorized expenditure of public money for the road was disputed.

The appellants presented the testimony of various Department of Highways (DOH) superintendents and maintenance workers. One maintenance worker testified that his superintendent took him to Swain Road and

---

1. The appellants presented evidence that the road was publicly travelled from 1933 to 1983. The appellees presented evidence that a gate was erected on a section of the road in the 1930's and removed in the 1950's. They also presented evidence that a resident erected a cable and "no trespassing" sign during the hunting seasons of 1968-79. It is unclear from the evidence provided to this Court where the signs were erected.

told him to grade it in 1935. Several other DOH employees testified that from this time until the current dispute arose, they repaired and graded Swain Road on a regular basis.

DOH personnel also testified that Swain Road was listed on the Morgan County map of 1917 and taken into the state highway system in 1933. Swain Road has been listed on all state maps since the 1930's as a continuation of Route 8/2 and, therefore, in their opinion, Swain Road was already within the state road system. DOH assistant maintenance supervisors from 1971–84 testified that work orders for Swain Road, like other state secondary roads, were listed as "Swain Road" not "Route 8/2."

The appellees, the Fowlers, contended that maintenance was sporadic. They presented testimony from a DOH maintenance supervisor from 1955 until 1957, who testified that part of Swain Road was not maintained during his tenure.[2]

They also presented evidence that possible error occurred in 1933. In essence, although all DOH maps list Swain Road as a continuation of Route 8/2, the Fowlers contended that when travelling undisputed Route 8/2 to inventory state roads, DOH officials of 1933 travelled southwest to Mountain Run Road (as opposed to southeast to Swain Road), therefore, Mountain Run Road, not Swain Road, was intended as the continuation of Route 8/2. If Mountain Run Road, as opposed to Swain Road, were Route 8/2, the appellees contend that any public money expended on Swain Road could not be validly authorized, as DOH officials intended to authorize the expenditure for Route 8/2, not Swain Road.

The appellees, the Marples, live on Mountain Run Road. They intervened as defendants, specifically due to this last theory espoused by the Fowlers.[3]

The trial court found that Swain Road is a private road.[4]

## II

The appellants contend that the appellees did not present sufficient evidence to overcome the conclusive presumption contained in *W. Va. Code*, 17–1–3, therefore, the trial court erred as a matter of law, in its failure to apply the presumption. We agree.

The appellees did not present sufficient evidence concerning the sporadic and unauthorized expenditure of public funds so as to defeat the presumption.

First, as for the sporadic nature of maintenance, the appellees' evidence of only

2. It is unclear from the evidence we have before us exactly where maintenance on Swain Road allegedly stopped during this two-year period. This same supervisor later served as a right-of-way supervisor for a few years in the 1970's. He testified that the road was never widened during this period. However, the appellants never contended that the road was widened, only that ditches were regularly repaired, snow was regularly removed, and the road was regularly graded.

3. A portion of Mountain Run Road, that nearest the fork, was designated State Route 8/17 in 1981 due to the efforts of the Marples. The Marples, however, live near a section of Mountain Run Road that was not taken into the state system in 1981. If Mountain Run Road in reality were 8/2, the entire road, including a bridge in disrepair, would be on the state system.

The Marples intervened several months after this Court's decision in *Wachter v. Dostert,* 172 W.Va. 93, 303 S.E.2d 731 (1983), which concerned procedural issues in the instant case. The appellants raise several issues concerning the propriety of the Marples' intervention and the trial court's final order, which declared that Mountain Run Road is a continuation of Route 8/2. This Court is reversing the order based on the trial court's failure to apply the conclusive presumption of *W. Va. Code,* 17–1–3 that Swain Road is a public road, regardless of its numerical designation. Therefore, we need not address the trial court's ruling, (which is not binding on the State,) that part of Mountain Run Road is no longer Route 8/17, but that all of Mountain Run Road is Route 8/2. Syl. pt. 8, *Conley v. Spillers,* 171 W.Va. 584, 301 S.E.2d 216 (1983); *Wachter v. Dostert,* 172 W.Va. 93, 303 S.E.2d 731, 735 (1983).

4. The trial court found that Swain Road was a private road because it was not publicly used. No specific finding as to when it was not publicly used was made. It did not address whether the road was maintained by the State. The order also found that the appellants had a permissive easement in Swain Road and an easement of necessity in Mountain Run Road. It further held that all of Mountain Run Road (part of which was designated Route 8/17 in 1981, see note 3, *supra* ) is a continuation of Route 8/2.

partial maintenance of Swain Road over a two-year period in 1955–57 must be weighed in light of the appellants' numerous witnesses from DOH (whose combined tenure spanned a 50–year period) who testified that Swain Road was regularly maintained. In order to disallow the operation of the conclusive presumption, the appellees needed to establish that there was only an "occasional expenditure of public money or the occasional performance of public labor." Syl. pt. 3, *Baker v. Hamilton*, 144 W.Va. 575, 109 S.E.2d 27 (1959). While the appellees established some slight deviation of the norm in maintenance of Swain Road during the two-year period, they did not establish that maintenance was sporadic. *Cf. Wilson v. Seminole Coal, Inc.*, 175 W.Va. 518, 520, 336 S.E.2d 30, 32 (1985) (one incident of maintenance in 42 years is sporadic).

Second, as for whether public money was authorized to repair Swain Road due to the mistaken belief that Swain Road is a continuation of 8/2 and therefore invalid, there are no facts in the record which support this contention. We need not address whether, when approaching the fork in Route 8/2, DOH officials of the 1930's mistakenly veered southwest to Swain Road as opposed to southeast to Mountain Run Road. Even if Mountain Run Road were inadvertently "the road not taken" as a continuation of Route 8/2, DOH officials from 1971 to 1984 testified that they had ordered Swain Road be repaired as "Swain Road" not as Route 8/2. Further, one of the graders testified that as early as 1935, he was taken to Swain Road by a superintendent and told to grade it. No contrary evidence was presented. Therefore, state officials were fully aware that they were expending money to maintain Swain Road.

 "In reviewing the judgment of a lower court, this court does not accord spe-

cial weight to the lower court's conclusions of law and will reverse the judgment below if it is based on an incorrect conclusion of law." Syl. pt. 1, *Burks v. McNeel*, 164 W.Va. 654, 264 S.E.2d 651 (1980).

 The appellants established that the road was publicly travelled for a ten-year period and that duly authorized public money was expended for its maintenance on a regular basis. Since this evidence was not rebutted, the appellants were entitled to the conclusive presumption of *W.Va.Code*, 17–1–3 [1963] and Swain Road declared a public road, regardless of its numerical designation. *McGlone v. Superior Trucking Co., Inc.*, 178 W.Va. 659, 363 S.E.2d 736, 743–44, note 10 (1987).[5]

Based on all the foregoing, we reverse the decision of the Circuit Court of Morgan County and find Swain Road a public road.

Reversed.

---

5. Perhaps some of the confusion in this case was due to the fact that the appellants, in their petition before the circuit court, alleged two grounds for relief. First, they alleged that Swain Road is a continuation of Route 8/2 and therefore already a public road by designation. Second, they alleged that by virtue of the fact that Swain Road has been publicly travelled and maintained for over ten years, it is a public road by implication. The relief they requested was to settle the dispute of "the right-of-way identified as County Rt. 8/2." Early in the proceedings, the appellants clearly stated that they were not concerned that Swain Road be labeled 8/2, but merely that it be declared a public road.