429 S.E.2d 76

**Geoffrey S. MILLER and Paula A. Miller, Plaintiffs Below, Appellants,**

v.

**David HOSKINSON and Delores Weekley, Defendants Below, Appellees.**

**No. 21140.**

Supreme Court of Appeals of West Virginia.

Submitted Jan. 20, 1993.

Decided March 26, 1993.

---

Stephen A. Wickland, Clarksburg, for appellants.

Thomas H. Fluharty, Clarksburg, for appellees.

PER CURIAM:

This is an appeal by Geoffrey S. Miller and Paula A. Miller from a decision of the Circuit Court of Doddridge County which declared a portion of a road on the Appellants' property to be a public road. The Appellants contend that the road in question is not a public road, and we agree and reverse the decision of the Circuit Court of Doddridge County.

## I.

The road in dispute is known as the "Stagecoach Road" or the "Old Tyler Ridge Road." In 1892, the Circuit Court of Doddridge County declared the road to be a public road. In 1933, however, the West Virginia Legislature repealed the county system of road maintenance and adopted a state system through West Virginia Code §§ 17–10–1 to –25 (1991). Effective July 1, 1933, counties relinquished authority over county-district roads to the State Road Commission.

The Appellants maintain that the road in question was never accepted into the state highway system. They emphasize that since 1933, no public funds have been expended for the maintenance or upkeep of the Stagecoach Road, and no state-owned equipment has been used to repair or maintain the road.

On September 8, 1980, the Appellants purchased approximately 100 acres of land in Doddridge County. The Stagecoach Road crosses the Appellants' property and was referenced in their deed.[1] The Stagecoach Road is situated in a meadow owned by the Appellants. Only four-wheel-drive vehicles, all-terrain vehicles, or horses traverse the road. Since 1933, it has been used primarily for recreational purposes such as riding all-terrain vehicles, riding horses, or gaining access to hunting areas. There has also been some suggestion that the road would be useful for firefighters to gain access to remote areas if the need arises.

Shortly after the Appellants moved to the property in 1982, Appellee Delores Weekley requested permission to ride her horses across the Appellants' property. Although the Appellants initially granted that permission, they later informed her that she could not use their property for that purpose. Mrs. Weekley is not an adjoining landowner and has no claim to the road through an easement by necessity.

Appellee David Hoskinson is likewise not an adjoining landowner. He had sporadically used the road for several years to haul hay or to operate recreational four-wheel-drive vehicles and all-terrain vehicles. When the Appellees were informed by the Department of Highways that the Stagecoach Road was not part of the state highway system, criminal warrants were filed by Delores Weekley in the Magistrate Court of Doddridge County against Appellant Geoffrey Miller for denying the use of the Stagecoach Road to the public. Upon dismissal of the criminal warrants, the Appellees allegedly destroyed fences on the Appellants' property and hauled rocks onto the Stagecoach Road. In 1988, the Appellants sought a temporary injunction and instituted this declaratory judgment proceeding. Subsequent to a trial by the Circuit Court of Doddridge County, the lower court ruled that the Stagecoach Road was a public road. The Appellants have appealed to this Court asserting that the facts do not support the conclusion that the Stagecoach Road is a public road.

## II.

The Appellants contend that the Stagecoach Road was abandoned as a public road in 1933 when the state failed to incorporate that roadway into the state road system. The Appellants further contend that such abandonment is evidenced by the state's lack of expenditure of public funds to maintain the road and the absence of any reference to the road on state maps or tax maps.[2] Although sporadic use by the public is conceded, the Appellants contend that the road cannot be presumed public in the absence of acceptance by the public in the form of expenditure of funds or some other overt act of acceptance into the state road system. As we explained in *State Road Commission v. Oakes*, 150 W.Va. 709, 149 S.E.2d 293 (1966), mere

---

1. The deed refers to "Old Tyler Ridge Road" in its recitation of the boundaries of the Appellants' property. Thus, while the Appellants may not have been aware of the nature or usage of the road, they were certainly put on notice of its existence.

2. Although the disputed road does not appear on maps with any regularity, it did appear as a primitive road on a 1937 map.

public use of a road will not make that road a public road unless that use is accompanied by some recognition by a public authority or maintenance through public funds. *Id.* at 716, 149 S.E.2d at 298. Certainly, the absence of public recognition of a road for almost sixty years lends support to the contention that the road can no longer be considered public. We have even emphasized that isolated and sporadic instances of public maintenance do not establish a road as public. *Wilson v. Seminole Coal, Inc.,* 175 W.Va. 518, 520, 336 S.E.2d 30, 32 (1985).

In *Wilson,* we identified the three means by which a roadway may become a public road. These methods included condemnation, dedication, and public use coupled with official recognition that the road is public. 175 W.Va. at 519, 336 S.E.2d at 31. In *Wilson,* as in the present case, no contention is made that the road in issue became a public road through condemnation or dedication. We held in *Wilson* that although the road had never been chained or posted as a private road and had always been open to public use, the road was not a public road since there was no evidence of any public maintenance for forty-two years. While the case at bar differs from *Wilson* to the extent that we are presented herein with a road which was previously specifically identified as a public road, we do not believe that such a distinction renders the reasoning of *Wilson* inapposite. We explained the following in the syllabus of *Wilson:*

" 'In order that a road, by virtue of Section 3, Article 1, Chapter 17, Code, 1931, shall be conclusively presumed to be established as a public road, it must have been used by the public for a period of ten years or more and public moneys or labor, duly authorized by a public agency or official empowered to maintain, repair or accept such road, must be expended on it; and the occasional expenditure of public money or the occasional performance of public labor on such road ..., even though such road has been used by the public for ten years or more, does not satisfy the require-

ments of the statute or render effective the statutory presumption of its establishment as a public road.' Syllabus Point 3, in part, *Baker v. Hamilton,* 144 W.Va. 575, 109 S.E.2d 27 (1959)."

In *Cramer v. West Virginia Dep't of Highways,* 180 W.Va. 97, 375 S.E.2d 568 (1988), we held that sporadic grading and snow plowing, through the use of public funds, did not constitute sufficient application of public monies and labor to render the road public. *Id.* at 100, 375 S.E.2d at 571, *see also, State ex rel. Riddle v. Dep't of Highways,* 154 W.Va. 722, 725, 179 S.E.2d 10, 13 (1971) (holding that "[m]ere use of a road will not make a road a public road even though such use is with the knowledge and consent of the landowner unless the use is accompanied by ... recognition by public authority or by its maintainance [sic]....").

In our previous encounters with the dilemma of characterizing roads as public or private, we have consistently focused our inquiry on the existence of public expenditures for the maintenance of the roads in question. Such expenditures are the only tangible and concrete means by which public acceptance of a road may be measured. Where no public funds have been allocated to the maintenance of a road for almost sixty years, a strong presumption of abandonment is raised. Absent evidence of extensive public use or other means of proof of public acceptance, we do not believe that this presumption of abandonment can be rebutted. The Appellees have stressed the applicability of the principle of "once a road always a road." The action of the West Virginia Legislature in 1933, however, altered the character of public highways within this state. We must conclude that only those roads for which public responsibility was assumed remained public roads after 1933. Sporadic use by four-wheel-drive vehicles, farm uses, recreational activities, or horseback activities, does not serve to perpetuate the label of public road. Only acceptance by public authorities through means such as public expenditures of funds for road maintenance or upkeep could sustain the characterization of public road. The general public has not used or maintained the Stage-

coach Road since 1933. Furthermore, the road has not been included in topographical maps, county maps, or tax maps since its reference in 1937. Even at that time, the Stagecoach Road was simply referred to as a primitive trail.

The road in question, by uncontroverted evidence, was established as a public road by an act of the Circuit Court of Doddridge County in 1892. We conclude that its status as a public road was vacated, however, when the state failed to incorporate the road within statewide control subsequent to the 1933 adoption of a state road system. Such failure to incorporate is evidenced by the state's lack of expenditure of funds and the absence of reference to the road on recent maps or plats. The ancient maxim of "once a highway always a highway" is subject to an exception; if the state abandons the road, or, as in this case, fails to incorporate it within its authority, the road ceases to be a public road. We have never established a conclusive list of criteria by which abandonment may be proven. Each case has been examined on its own merits. In the instant case, the limited uses of the road since 1933 and the lack of expenditure of state funds indicate that the road can no longer be characterized as a public road.

From the evidence presented to this Court, we find that the Stagecoach Road was not adopted as part of the state highway system of 1933. The sporadic use of the road by the Appellees or other members of the general public is insufficient to perpetuate the road's status as a public road in the glaring absence of public acceptance of the road since 1933. As the Appellants properly stated in their arguments, the road may certainly be used as reasonably necessary by firefighters.[3] Even when viewed in a light most favorable to the Appellants, the evidence in this case is insufficient to establish that the road in

controversy is a public road. We conclude that the lower court erred in classifying the Stagecoach Road as a public road and reverse the order of the Circuit Court of Doddridge County.

Reversed.

---

3. West Virginia Code § 20–3–4 (1989), provides authority for such usage as follows:

   Upon receiving notice of any fire which is injuring or endangering forest land within the State, the director, the state forester, or their duly authorized representative, shall employ all necessary means to confine, extinguish or suppress the fire. For these purposes such persons and their employees shall, under the general supervision of the director, have the right and authority to enter upon public or private lands, to destroy fences thereon, to plow such lands, and in case of extreme emergency, to set backfires thereon....