BUFORD J. SHREWSBURY, *et al.*

*v.*

THE BOARD OF EDUCATION, *County of Wyoming*

(No. 14680)

Decided May 6, 1980.

*John S. Hrko* for plaintiffs in error.

*Harlen Ray Tiller*, Assistant Prosecuting Attorney, for defendant in error.

PER CURIAM:

The appellants in this case filed a petition for Writ of Mandamus in the Circuit Court of Wyoming County on September 11, 1978. The court granted a rule to show cause and after hearing the evidence, denied the writ. The purpose of the petition was to compel the Wyoming County Board of Education to provide school bus trans-

portation to the appellants' children to and from public schools of the county. After the court refused to mandate such transportation and entered an order denying the same on November 15, 1978, appellants filed a motion to set aside the order; the motion was denied on March 16, 1979. The appellants now appeal from the denial of the motion to set aside the order.

The mandamus proceeding was instituted by Buford J. Shrewsbury, Richard Thompson, and Jerry Jordan. The petitioners alleged in their petition that they are residents of Wyoming County; that they are taxpayers in that county and have children who attend the public schools there; that the Wyoming County Board of Education is a corporation under *W. Va. Code*, 18-5-5; that the board of education has the duty to provide transportation to and from the public schools of the county for children who are compelled by law to attend such schools; that they requested the board of education to provide school bus transportation for their children on numerous occasions and the board refused to do so; that the board of education provides transportation for similarly situated children of other taxpayers in Wyoming County and can show no reasonable cause for denying transportation to appellants' children; and that there is no remedy available other than a proceeding in mandamus to obtain the desired relief. Petitioners, in their mandamus proceeding, prayed that the respondent board of education be directed "to provide school bus transportation for their children to and from school commencing with the 1978-79 school term and to continue each and every school term thereafter and for such other relief as the Court deems appropriate in these premises."

A hearing was held on the petition and testimony was presented both for the petitioners and respondent. Petitioners Shrewsbury and Thompson testified to basically the same facts. They reside in an area known as Noseman's Branch in Wyoming County and each has children who attend the public schools of the county. The children have a distance in excess of two miles to cover in

order to reach their schools. The only exception is the elder daughter of Mr. Shrewsbury who attends the Herndon High School, which is approximately one and a half miles from the Shrewsbury residence. The rest of the children attend the lower or grade school in Herndon. Both petitioners testified that they live on a gravel road maintained by the West Virginia Department of Highways and that there has never been an occasion when they were unable to transport their children to school because of inclement weather. Although petitioners live on a road that narrows to accommodate only one vehicle at certain places, there are turning points on the road. Mr. Shrewsbury testified that he knew that the board of education was running a small van-type school bus on a similar road in the county known as Lusk Settlement. Finally, there was evidence that both petitioners at some point in time, received reimbursement from the Wyoming County Board of Education for transportation in lieu of a school bus.

A Mr. Roop testified on behalf of the respondent that the school board had looked into the matter of supplying a school bus to transport children to and from Noseman's Branch, but because of the hazardous condition of the road with its various steep grades and curves, decided against it. He admitted that a small van bus would be more appropriate to the area and that such a vehicle was being utilized on similar roads in the county. Mr. Roop, however, also testified that a second van bus was not available to the school board and it would be necessary to purchase a new vehicle for use on Noseman's Branch. Pursuant to the testimony heard, the circuit court denied the Writ of Mandamus and dismissed the case.

Authority for transportation of school children by boards of education is found in *W. Va. Code*, 18-5-13(6)(a) which gives boards authority:

> To provide at public expense adequate means of transportation, including transportation across county lines, for all children of school age

who live more than two miles distance from school by the nearest available road and to provide at public expense and according to such regulations as the board may establish, adequate means of transportation for school children participating in board-approved curricular and extracurricular activities; and to provide in addition thereto, at public expense, by rules and regulations and within the available revenues, transportation for those within two miles distance. . . .

The application of this statute was involved in *State ex rel. Hughes v. Board of Education*, 154 W. Va. 107, 174 S.E.2d 711 (1970) where we held in syllabus point 2 that:

When a county board of education has provided a system for the transportation of school children by bus, pursuant to the provisions of Code, 1931, 18-5-13(6), as amended, the refusal of the county board of education to provide such transportation to certain children of the county, merely because they attend a Catholic parochial school, denies to such children and their parents the equal protection of the laws which is guaranteed by the Fourteenth Amendment of the Constitution of the United States and also denies to such children and their parents their right to religious freedom guaranteed by the First Amendment of the Constitution of the United States and by Section 15 of Article III of the Constitution of West Virginia.

The initial conclusion reached in *Hughes* was that the phrase in the statute "to provide at public expense adequate means of transportation for all children of school age" meant exactly what it said. The Court found the phrase to be clear and unambiguous and refused to interpret it otherwise. Although the *Hughes* Court went on to discuss school bus transportation as it relates to students attending parochial schools, freedom of religion, and separation of church and state, the principle announced in *Hughes* is applicable to the case before us. Once the Wyoming County Board of Education instituted

a system of bus transportation for pupils attending county schools, it was compelled to make that transportation available to all students and not just the ones who live on major highways and easy access roads. The school board exercised its discretion under the statute by deciding to provide bus transportation at public expense; having done so, the board cannot now arbitrarily or capriciously discriminate among children of school age.

After reviewing the facts of this case, it is evident that the school board has arbitrarily excluded the children who live at Noseman's Branch from its school bus transportation system. There was evidence that the road involved could be somewhat dangerous if an average size school bus was used, but there was testimony that a small van-type bus was being used on a similar road in the county. The school board's excuse that it would have to purchase an additional vehicle for use at Noseman's Branch is not acceptable. A new vehicle will have to be purchased if safety requires it. In any event, the defenses offered that a normal school bus would have difficulty traversing the road and that the school board owns only one small bus and it is being utilized elsewhere, are not legitimate defenses. The refusal of the board of education to provide appellant's children with school bus transportation, the evidence being clear that the distance from appellants' homes to the Herndon Grade School is in excess of two miles, denies those children the equal protection of the laws which is guaranteed by the Fourteenth Amendment to the United States Constitution.

*Reversed and remanded.*