324 S.E.2d 352

**Janice SIGMON, Marsha Whiting & June Conley**

v.

**The BOARD OF EDUCATION FOR the COUNTY OF ROANE.**

No. 16258.

Supreme Court of Appeals of West Virginia.

Dec. 18, 1984.

F. John Oshoway, Spencer, Joseph P. Henry, W.Va. Legal Services, Charleston, for appellants.

Fred D. Fahrentz, Preiser & Wilson, Charleston, for appellee.

NEELY, Justice:

The appellants are the mothers of school children who travel by bus each day to their school in Roane County. Janice Sigmon lives 0.5 miles from the current end of the school bus route; Marsha Whiting lives 1.5 miles; and June Conley lives 0.1 miles. Appellants Sigmon and Whiting requested that the Transportation Director of the Board of Education of Roane County extend the current school bus route to a new turnaround 0.2 miles past the Whiting residence. This extension was along Stover Fork Road, a lightly traveled, state maintained, rock base gravel surface county road. Appellants' children are the only children on this particular bus who must travel along a public road in order to meet the school bus.

When Mrs. Sigmon and Mrs. Whiting requested the extension of service, an employee of the Board explained that, in order for the route to be extended, an adequate bus turnaround had to be provided, a culvert had to be extended and reinforced, and the road had to be made safe for the passage of the bus. In the summer of 1983 the appellants secured the permission of a landowner to establish a new bus turnaround and, after additional consultation with the Board, the appellants persuaded the State Department of Highways to make certain repairs to the road, including the extension and reinforcement of the culvert and the gravelling of the turnaround.

On 13 September 1983 at the Board's regularly scheduled meeting, unanimous approval was given by the Board to extend the route as requested by the appellants. The superintendent, however, voiced opposition to the proposed extension on the grounds that some students on the bus were already riding an hour and a half and the proposed extension would add approximately fifteen minutes to the time required to complete the run. Several days after the September Board meeting the superintendent arranged for three of the five Board members to travel the proposed route on a school bus. Although there is controversy concerning the procedure that surrounded the decision, the record is clear that, after the test ride, the Board members decided to withdraw approval for extension of the bus route.

On 30 September 1983 the appellants brought a mandamus action in the circuit court to require the Board to extend the route. Testimony was taken concerning the matter and the Board presented a list of criteria that the Board uses to determine whether to extend bus service. After considering all of the material presented, the circuit court denied the writ of mandamus and this appeal followed.

In the single syllabus point of *Shrewsbury v. Board of Education, County of Wyoming*, 164 W.Va. 698, 265 S.E.2d 767 (1980), this Court held:

When a county board of education has provided a system for the transportation of school children by bus, pursuant to *W.Va.Code*, 18–5–13(6)(a), the refusal of the board to provide such transportation to certain children because the road on which they live is not safe for a large school bus, and the board would have to purchase a new vehicle to traverse the road, denies those children equal protection of the laws as guaranteed by the Fourteenth Amendment to the United States Constitution.

As we indicated in Syllabus Point 5 of *State ex rel. Withers v. Board of Education of Mason County*, 153 W.Va. 867, 172 S.E.2d 796 (1970) a writ of mandamus will lie to control the Board of Edu-

cation in the exercise of its discretion if there is arbitrary conduct or misapprehension of law upon the part of the Board. In the case before us we are understandably dismayed that students are required to be on a school bus for an hour and a half in the first place; furthermore, however, we are even more dismayed that the Board concluded that it was adequate reason not to extend the bus route because the resulting new route would require an additional fifteen or more minutes. Obviously, the bus route cannot be extended another fifteen minutes: in fact, it probably should not have been an hour and a half in the first place.

■ Consequently, we hold that the Board may have suffered a misapprehension of the law in failing to understand the total purport of our decision in *Shrewsbury, supra,* and, more importantly, we find that there was an abuse of the Board's discretion in failing to evaluate seriously the alternative of reorganizing the bus route or other bus routes in such fashion that all children will be served appropriately while at the same time not riding in excess of an hour.

Accordingly, the judgment of the Circuit of Roane County is reversed and the case is remanded for further proceedings consistent with this opinion.

Reversed and Remanded.