337 S.E.2d 905

Dennis J. KENNEDY, et al.

v.

**BOARD OF EDUCATION, McDOWELL COUNTY, et al.**

No. 16824.

Supreme Court of Appeals of
West Virginia.

Dec. 5, 1985.

C. Cooper Fulton, WV Advocates for the Developmentally Disabled, Charleston, for appellants.

PER CURIAM:

This mandamus proceeding was instituted by Charlotte and Dennis Kennedy, the parents of seven-year old D.J. Kennedy, and Deborah and Kenneth Kennedy, the parents of six-year old Francesca "Hope" Kennedy. The petitioners seek a writ of mandamus to compel the McDowell County Board of Education to provide transportation to the petitioners' children to and from public schools of the county. The Board has heretofore refused to provide such transportation.

Both Kennedy families live in McDowell County on a dirt road known as Dry Mon-

day Branch. Dry Monday Branch is not part of the state road system but is owned and used by Georgia-Pacific Corporation in its timbering operations. The petitioners allege that the company maintains the road periodically and that at least one resident on the road has graded it from time to time. However, even with this maintenance, the road is not in good condition and a four-wheel drive vehicle is needed to reach the petitioners' homes at certain times of the year. The petitioners further allege that Georgia-Pacific has never attempted to restrict or control their use of Dry Monday Branch and that the road has been used as a public road for over twenty years.[1]

The current bus stop used by the board of education for the pick-up of children living on Dry Monday Branch is a distance of 0.5 miles from Hope Kennedy's house and 0.9 miles from D.J.'s. Both D.J. and Hope suffer from spina bifida, a congenital defect that affects their mobility but not their intelligence level which in both cases is normal. Because of their physical limitations which prevent them from being able to walk to the school bus stop, neither D.J. nor Hope was able to attend school during the 1984–85 school year.[2] For the same reason neither of the children is currently attending school. D.J. should be in a second grade class at Bradshaw Elementary School and Hope should be in a first grade class.

In their petition the petitioners allege that the board of education has refused to pick the children up at a point closer to their homes and neither family owns a reliable vehicle in which the children can be transported to the current bus stop on a regular basis. Both Dennis Kennedy and Kenneth Kennedy are currently unemployed and thus lack money to keep their vehicles in good running order or to acquire new ones.

Before the beginning of the 1984–85 school year D.J. Kennedy's parents requested that the current school bus route be extended to their house. When the board refused to grant the Kennedys' request, Mrs. Kennedy filed a complaint with the Compliance Management Coordinator of the Bureau of Learning Systems at the West Virginia Department of Education. As a result of the complaint an oral agreement was reached by which the board would provide transportation for both D.J. and Hope Kennedy. According to the petition no such transportation was ever provided.

In the case of Hope Kennedy, her mother enrolled her in the Bradshaw Elementary School for the 1984–85 school year but was informed that a school bus would not be sent up Dry Monday Branch because the road was in poor condition and because the board could not go onto private roads to transport children to school. Mrs. Kennedy was unsuccessful in her attempts to persuade the State Department of Highways to make repairs to the road, the Department citing the lack of available funds and the sparse amount of traffic on the road. At this point the school board still refused to extend the bus route but made arrangements for the two children to receive "homebound" instruction. It appears that the petitioners found this instruction to be less than satisfactory.

In April 1985 Charlotte Kennedy again requested transportation for her son for the upcoming school year and informed school officials that Dry Monday Branch had been graded and was in better condition than it was previously when the board refused to send a school bus onto the road. Despite admitted improvements to the road Mrs. Kennedy was unable to obtain a com-

---

1. Both Kennedy families' land is completely surrounded by land owned by Georgia-Pacific Corporation. The deed to Charlotte and Dennis Kennedy's property was prepared by Georgia-Pacific's general counsel and identifies Dry Monday Branch as a public road.

2. Hope Kennedy wears orthopedic braces from her feet to her waist and walks with the aid of a walker on wheels. When she travels any substantial distance, she must be wheeled in a chair that is similar to a baby stroller. D.J. Kennedy also wears an orthopedic brace from feet to waist. He walks with the aid of crutches and uses a wheelchair for longer distances.

mitment from the board that it would provide transportation.

Throughout the summer of 1985 petitioners continued in their efforts to obtain school transportation for D.J. and Hope Kennedy. Their attempts finally culminated in a letter dated August 26, 1985, from Bennett Church, McDowell County Superintendent of Schools, who informed the petitioners that the school board would not send a vehicle onto Dry Monday Branch to pick up the Kennedy children because the road was privately owned, not maintained and unsafe for a school bus. Soon after, at the instance of petitioner Dennis Kennedy, an assistant prosecuting attorney in McDowell County advised the school board and Mr. Church of their duty to provide transportation for all school children in the county unless it was impossible to do so. No changes in school bus transportation were forthcoming, however, and on September 24, 1985, the petitioners filed this mandamus proceeding.

■ In the single syllabus point of *Shrewsbury v. Board of Education,* 164 W.Va. 698, 265 S.E.2d 767 (1980), we held:

When a county board of education has provided a system for the transportation of school children by bus, pursuant to *W.Va.Code,* 18–5–13(6)(a), the refusal of the board to provide such transportation to certain children because the road on which they live is not safe for a large school bus, and the board would have to purchase a new vehicle to traverse the road, denies those children equal protection of the laws as guaranteed by the Fourteenth Amendment to the United States Constitution.

■ We have held that a writ of mandamus will lie to require the discharge by a public official of a non-discretionary duty. Syllabus Point 3, *Allen v. State Human Rights Commission,* 174 W.Va. 139, 324 S.E.2d 99 (1984). In the case before us the school board's principal reason for refusing to send a school bus onto Dry Monday Branch was the poor condition of the road. In *Shrewsbury v. Board of Education, supra,* we specifically held that this excuse for not transporting children to school is unacceptable and that if safety requires it,

a new vehicle must be purchased to transport the children who live on the poorly maintained road. The petitioners allege that the school board already owns a four-wheel drive vehicle that would be adequate to transport the children at any time during the year.

■ *W.Va.Code* 18–5–13(6)(a) [1985] mandates county boards of education to provide "adequate" means of transportation to school children who live more than two miles from school. The transportation arrangements made by the McDowell County Board of Education for children who live on Dry Monday Branch are not adequate for D.J. and Hope Kennedy, neither of whom is able to walk to the established bus stop. If a normal school bus cannot safely traverse Dry Monday Branch then an alternate vehicle will have to be used that can. As it is, these two physically handicapped children are being arbitrarily prohibited from exercising their fundamental right to education.

The school board also refused to provide petitioners' children with transportation because the road on which they live is a private road. There is no language in *W.Va.Code* 18–5–13(6)(a) [1985] that distinguishes between children who live on public roads and those who live on private roads. The board's responsibility is the same in both cases, *i.e.,* to transport the children to school. In addition, petitioners assert that Georgia-Pacific Corporation has never attempted to limit public access or use of Dry Monday Branch and that representatives of Georgia-Pacific have informed them that the company regards the road as a public road. Under these circumstances the board's failure to make alternative arrangements so that D.J. Kennedy and Hope Kennedy can attend school denies the children the equal protection of the laws.

Accordingly, the writ of mandamus heretofore prayed for is awarded.

Writ Awarded.