351 S.E.2d 416

**Louise COLLINS, etc., et al.**

v.

**William S. RITCHIE, Commr., etc., WVDOH, et al.**

**No. 17304.**

Supreme Court of Appeals of West Virginia.

Dec. 9, 1986.

Daniel F. Hedges, Charleston, for appellant.

Joseph G. Martorella, Huntington, for DOH.

Lloyd Jackson, Hamlin, for Lincoln Co. Board of Education.

PER CURIAM.

This civil action was instituted by Louise Collins, individually and on behalf of her children, Frank and Patience Collins, and Lelia Vance, individually and on behalf of her son, Adam Cochran, against the Commissioner of the West Virginia Department of Highways and the Lincoln County Board of Education. The purpose of the suit which sought both mandamus and injunctive relief was to secure transportation for the appellants' children to and from the public schools in the county and also for the other thirteen children residing on Sand Creek Hollow Road in Lincoln County.

Following an evidentiary hearing on August 6, 1986, the circuit court ruled that the Lincoln County Board of Education must provide transportation to the children to and from their residences, but that the Department of Highways was under no duty to maintain or conduct even routine maintenance on Sand Creek Hollow Road so that a school bus could traverse the road. The appellants appeal from the court's final order.

Sand Creek Hollow Road is a two-mile road in the southern part of Lincoln County near Harts, West Virginia. The road is designated Delta 47 and begins at State Route 10/15. It ends at a right-of-way owned by the Chessie System. There is a one and a half to two lane limestone-based road that runs beside the CSX Railroad Line and the Guyandotte River for approximately three miles from Harts to the mouth of the Sand Creek Hollow Road. Near the mouth of the hollow, Sand Creek runs into the river; at this point the road is a dirt road that dips into Sand Creek close to the mouth of the hollow, then traverses the creek four or five times until it reaches the source of the creek, approximately two miles from the mouth. The road then crosses the mountain on a steep grade and ends on State Route 10.

The appellants' children and the other school children on the road live along the first mile and a quarter of Sand Creek Hollow Road near the mouth of the hollow where the creek runs into the river. Evidence adduced at the hearing in the circuit court showed that during the last three years the sixteen elementary and kindergarten school children living on the road have been exposed to numerous hazards on their way to school because of the lack of bus transportation. One of the appellants, Louise Collins, whose truck had no license plate and who, herself, had no driver's license, drove some of the children to school. On occasion, there were as many as ten in the cab of the truck because it was too cold for the children to ride in the back. After the children were driven out of the hollow they had to walk across an abandoned swinging bridge that crosses the Guyandotte River. In addition, they must cross a railroad track on which coal trains are routinely parked waiting for clearance. Mrs. Collins testified that on occasion the children were forced to crawl under the trains to reach the other side.

There was also evidence that the pickup truck used to transport the children would occasionally get stuck in the creek and have to be pushed out by the children which caused them to attend school with wet feet. Too, there was testimony that when the Guyandotte River is high, which is approximately ten to fifteen school days a year, a regular vehicle is unable to travel the road at the mouth of the hollow because the road is covered with up to three feet of water. Mrs. Collins testified that her pickup truck is no longer in working order, and that she does not own any other vehicle.

In its findings of fact, the circuit court found that the appellants' children had been late or missed school entirely on several occasions during the school year and that when transportation is not provided by the Board of Education the children are subject to peculiar hazards, "including danger due to the hazardous nature of the bridge, danger from trains while crossing the railroad tracks, danger from vehicles while walking along Route 10, and the ina-

bility to safely walk out of Sand Creek Hollow." Based on its findings, the court ordered the Lincoln County Board of Education immediately to provide transportation to each of the children living on Sand Creek Hollow Road by the safest means possible but also held that the Department of Highways had no duty to maintain Sand Creek Hollow Road or perform even routine maintenance on the road.

The appellants contend that the circuit court erred in concluding that the Department of Highways had no duty to maintain Sand Creek Hollow Road to make school bus transportation possible.

The West Virginia Constitution guarantees that the State will provide a "thorough and efficient system of free schools." In syllabus point 3 of *Pauley v. Kelly*, 162 W.Va. 672, 255 S.E.2d 859 (1979), we held:

The mandatory requirements of "a thorough and efficient system of free schools" found in Article XII, Section 1 of the West Virginia Constitution, make education a fundamental, constitutional right in this State.

Clearly, this fundamental right is meaningful only if school children are able to get to school. *W.Va. Code*, 18-5-13(6)(a) [1985] mandates county boards of education to provide "adequate" means of transportation to school children who live more than two miles from schools. In *Shrewsbury v. Board of Education*, 164 W.Va. 698, 265 S.E.2d 767 (1980), we specifically held that the board's obligation under this statute is not abrogated because of the poor condition of a road on which children live, and that, if necessary, a vehicle smaller than a school bus must be purchased to transport the children who live on the poorly maintained road.

The Department of Highways argues that it has no duty to maintain Sand Creek Hollow Road, other than to provide routine maintenance, because it is not a public road and not part of the State Road System. The Department admits, however, that it has performed routine maintenance on the road for the past twenty years in compliance with an order of the State Road Com-

missioner in 1966 giving the road a Delta classification and requiring routine maintenance to be performed on it as a public thoroughfare. *W. Va. Code,* 17–1–3 [1963] provides: "Any road shall be conclusively presumed to have been established when it has been used by the public for a period of ten years or more, and public moneys or labor have been expended thereon ..."

In this case the evidence clearly shows that the public has used Sand Creek Hollow Road for the requisite ten-year period and the Department of Highways admits in its brief that it has used public moneys to perform routine maintenance on the road for the past twenty years. The Department does not allege that only sporadic and isolated maintenance was performed. Clearly, this is sufficient to establish the road as a public road. *See Wilson v. Seminole Coal, Inc.,* 175 W.Va. 518, 336 S.E.2d 30 (1985).

In *Kennedy v. Board of Education,* 175 W.Va. 668, 337 S.E.2d 905 (1985), we held that a school board was obligated to provide transportation to school to children who lived on a private road: "There is no language in *W. Va. Code* 18–5–13(6)(a) [1985] that distinguishes between children who live on public roads and those who live on private roads. The board's responsibility is the same in both cases, *i.e.,* to transport the children to school." 175 W.Va. at 670, 337 S.E.2d at 907. As in that case, we cannot find the rationale to distinguish between children who live on a well-maintained public road and those who live on a poorly maintained road, whether it remains a private road or becomes public by virtue of *W. Va. Code,* 17–1–3 [1963]. The fundamental, constitutional right to an education is no more important to children who live on a major public thoroughfare than it is to those on Sand Creek Hollow Road. All children have the same right to "a thorough and efficient" education and to deny them that right because they live on an inconvenient road would be to deny them the equal protection of the laws.

The Board of Education has not denied its duty to transport these children to and from school. It merely argues that the condition of Sand Creek Hollow Road makes it impossible to do so. Clearly, the appellants' children have the right to adequate school board provided transportation. *See, Shrewsbury v. Board of Education, supra.* Because the evidence was that the board was not able to provide the statutorily mandated transportation due to the condition of the road, the children's rights are being violated. Mandating transportation which, practically speaking, cannot be supplied is an exercise in futility. The Department of Highways shall increase the level of maintenance on Sand Creek Hollow Road to the point that a school bus or alternate vehicle is able to traverse the road and provide transportation to the children living on the road.

Accordingly, the judgment of the Circuit Court of Kanawha County is reversed.